James O. Shackelford, J.,
delivered the opinion of the Court.
This bill was filed in the Chancery Court of Davidson county, and presents the following state of facts:
Leroy C. Coleman, in November, 1863, sold and conveyed a house and lot in the city of Nashville, to H. C. Jenkins, on a credit of ten years, for $10,000, and took his ten several notes, for $1,000 each, due each succeeding year, and payable to himself, L. C. Coleman and his wife, Caroline, the complainant. Coleman had been previously married. A few days before his second marriage to the complainant, Caroline, who was then a widow, in 1850, he executed a Will, by which he gave the one half of his property to his children by the first marriage; the other portion he gave to the complainant, Caroline, and her children. Shortly after the sale and conveyance of the property to Jenkins, he (Coleman) died. He was possessed of real estate valued at .$30,000. He left surviving him, one child by his first marriage, and his widow Caroline, the complainant, who has subsequently intermarried with the complainant Bailey Johnson. Upon the death of Coleman, Robert Lusk, who had been appointed executor by .the Will, qualified as such. The notes executed by Jenkins, passed into his possession; he has collected a part of them, and the proceeds appropriated to the payment 'of the debts of the deceased. The personal assets are mot .sufficient to pay the in-débtedness ©f the estate, exclusive of these notes; the *115 real assets are amply sufficient to pay all the indebtedness, exclusive of the notes in controversy.
It is clear from the proof, Coleman was fully competent to contract at the time of the sale of the property, to Jenkins, and there is nothing in the record to satisfy us that the contract was induced by fraud, or undue influence on the part of the complainant, Caroline. This bill has been filed by Johnson and wife, against the executor, and heir of Coleman, to have the notes delivered up to the widow, Caroline, as survivor. The cause was heard before W. F. Cooper, as special Chancellor, who was of opinion, and so decreed, that the notes were choses in action, and as such, were conferred by Coleman upon his wife, Caroline, and she by survivorship, took them, and as survivor is entitled to hold them as against the executor, and is entitled to have the proceeds of the notes collected by the executor, refunded to her. From which decree the defendant appealed to this Court.
The question involved is one of law, and must be determined by the rules of law governing such cases. It is an open one in this State, consequently, we must in our conclusions, be controlled by the principles of the common law. By the common law, the husband and wife are deemed but one person. The personal estate of the wife when reduced into possession by the husband, vests in him. Where real estate is conveyed to husband and wife, they take but one estate, and if one dies, the estate continues in the survivor: 2 Blackst. Com,, 182. Nothing passes on the death of either the husband or wife, that may first die, but by a *116 condition in law, the longest lives takes the entire estate: 7 Yerger 319; Coke upon Littleton, 234.
Such being the uniform doctrine of the common law relative to real estate, does it apply to choses in action, where the husband or third persons have conferred on the wife a joint interest?
By the common law, marriage is an absolute gift of the wife’s personal chattels in possesion, and it is so of choses in action, if he reduce them into possession, by receiving or recovering them at law. If a legacy is given to the wife, the husband must join the wife in the action to recover the same when suit is brought, and if he die pending the action, the suit survives to the' wife: Mr. Chitty in his work on on Pleadings, vol. 1, p. 32, says: “The wife takes by survivorship a debt due upon a judgment, recovered by husband and wife, whether obtained for a debt due to the wife while sole, or upon a contract made with her during coverture, where she is the meritorious cause of action, and she is entitled to a bond given to her and her husband, or to her alone.”
The principles involved in this case have been frequently before the English courts. In a case repealed in 2d Vernon, 683, Christ Hospital vs. Budgin and others, it appears the husband had lent money and taken several bonds and mortgages for it, in the name of himself and wife; he died, having by his Will charged his real estate with the payment of his debts. The wife claimed the bonds and mortgages as survivor. The heirs objected, and urged among other reasons, that if this money was not liable to the husband’s *117 debts, be might by joining bis wife in tbe securities, defraud all bis creditors. Tbe Lord Chancellor admitted, that as to creditors, it might be fraudulent, but there being assets without these bonds, to pay all debts and legacies, he decreed the bonds to the widow. In Williams on Executors, vol. 1, p. 717, the authorities are collected, and the principle is stated to be, where a note or bond is made payable to husband and wife, upon the death of the husband, the right survives to the wife. The consideration of the note makes no difference, as the right of action on the instrument depends on the form of it, and not upon the consideration on which it was given.
In 2d vol. Williams, 496, the Lord Chancellor said: that a bond given to husband and wife during coverture, would survive to the wife. This seems to be the settled doctrine in the English courts. This Court decided at the last term, at Brownsville, in the case of Rebecca Milam vs. J. W. Mason, (MS. opinion,) where a note had been executed to the husband and wife; the husband having died, and the suit was brought in the name of the wife as the survivor; upon a demurrer filed to the declaration, for want of proper parties, it was held, that the right of action survived to the wife, and that the administrator or executor of the husband, was not a necessary party.
In the case of Draper vs. Jackson, 16 Mass., 480, it was held, if a bond or obligation be made to the husband and wife, the wife would have it by survivor-ship. That case was: The plaintiff’s intestate joined in a conveyance of the wife’s lands, and the grantor *118 executed a promissory note to tbe husband and wife, together with a mortgage, as collateral security. Upon the death of the husband, and the marriage of the wife with the defendant, who was sued in trover for a conversion of the note, the Court held, the plaintiff was not held entitled to recover, because the wife had it by survivorship.
The principle seems to be well settled — where the consideration of a bond, or note, or other security, proceeds from the wife, or her estate, or it is the gift of a third person, if the husband does not collect, or reduce the same to judgment in his own name, the security will go to the wife, by right of survivorship; but if the husband elect to treat it as his own, and take judgment in his own name, it will go to his administrator. “The naming, or not naming the wife in the action, is attended with material consequences in relation to this subject. If she be a party, and the husband die after judgment, and before execution sued out, the judgment will survive to her:” Tyler on Infancy and Coverture, sec. 252; 3 Adkins, 21; 1 Barber; 2 Kent, 121, and authorities cited.
Tyler, in his work on Infancy and Coverture, sec. 252, says: — “It may be laid down as a general rule, that, in all cases where it is necessary to bring the suit in the joint names of the husband and wife, during coverture, the cause of action survives to the wife, for her benefit;” and he cites in support of this principle, 9 Page, Searnig vs. Searnig, 289.
Again, in sec. 254, the principle is stated, and which, we think, is fully sustained by the authorities, where an *119 obligation is taken to husband and wife, or to the wife alone, with the assent of the husband, the action survives to the wife, who is entitled to the proceeds, as against the heirs and personal representatives of the husband. In such a case, the form of the security implies a design by the husband to benefit the wife; and the law will give effect to this intention, where the interest of creditors is not affected. The rule seems to be well settled, that an agreement with a feme covert, and a promise to her personally, raises a presumption that she is the meritorious cause of such agreement, and it will survive to her: 4 New York, 284; 16 Mass., 483; 2 Redfield on Wills, 175 to 178; 2 Rhode Isl., 517. Where money is secured to the husband and wife, by a promissory note, or certificate of deposit, no other facts appearing, the wife is held to be entitled by survivorship, to the money: 2 Bradford’s Reports, 34; 15 New York, 425; 4 Monroe, 226.
It can make no difference whether the consideration of the chose in action passes from the husband, or not. If it passes from him, in such a case, the form of the security implies a design on the part of the husband to benefit the wife, and the law will give effect to it. The relation they bear to each, is such, that the law raises the presumption the object and intention of the husband was to benefit the wife, and the right of survivorship will vest in her.
We are satisfied, upon an examination of the authorities, unless there are extrinsic facts to take the case out of the rule, that where a promissory note, or other evidence of debt, is made payable to husband and wife, *120 upon the death of the husband, the right survives to the wife; and she will take the proceeds, unless the interest of creditors is affected.
In the case under consideration, there is nothing to take the case out of the rule. The evidence does not establish fraud, or undue influence; and the acts of Coleman, in taking the notes, payable to himself and wife, Caroline, must be presumed to have been for her benefit, and it is our duty to give effect to that intention.
There is no error in the decree of the Chancellor, and it will be. affirmed.